28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cesar JIMENEZ-ALATRISTE, Defendant-Appellant.
 No. 93-50398.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1994.*
Decided June 23, 1994.
 
 Before: WALLACE, Chief Judge, FARRIS and KLEINFELD, Circuit Judges.
 
 MEMORANDUM
 
 1
 Jimenez-Alatriste appeals from his conviction after a conditional guilty plea. He was sentenced to 57 months' imprisonment for being present in the United States after prior deportations in violation of 8 U.S.C. Sec. 1326(a), (b)(2). He argues that the district court improperly failed to suppress evidence of his identity and his immigration records, and that his sentence should have been for no more than two years. The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction over this timely appeal pursuant to 18 U.S.C. Sec. 3742 and 28 U.S.C. Sec. 1291. We affirm.
 
 
 2
 Jimenez-Alatriste moved the district court to suppress evidence of his identity and his immigration records based on his argument that the arresting Immigration and Naturalization Service (INS) agents did not have reasonable suspicion to question him and learn his identity and immigration history. We review the district court's ruling on the motion to suppress de novo, and we review findings of fact for clear error. United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir.1992).
 
 
 3
 After holding a hearing, the district court denied the motion based on two alternative grounds. First, the court found that the agents' version of the facts were more credible. As a result, the arrest and the statements made by Jimenez-Alatriste did not offend the Fourth Amendment. Second, even if Jimenez-Alatriste's story were credited and there was a Fourth Amendment violation, the fact of his identity and his immigration record would not need to be suppressed. We affirm the district court on this second ground and do not reach the first.
 
 
 4
 In United States v. Guzman-Bruno, No. 93-50376, slip op. 6583 (9th Cir. June 21, 1994), we held that an alien prosecuted under 8 U.S.C. Sec. 1326 could not suppress the fact of his identity and immigration record, even when his arrest and subsequent statements were obtained in violation of the Fourth Amendment. Based on Guzman-Bruno, the district court properly held that the fact of Jimenez-Alatriste's identity and immigration records would not need to be suppressed.
 
 
 5
 Jimenez-Alatriste also argues that the government should have been estopped from seeking a sentence of over two years' imprisonment. Upon his deportations, Jimenez-Alatriste was given INS Form I-294 which stated that if he returned illegally he would be subject to no more than two years' imprisonment, though the statutory maximum sentence had been increased to 15 years' imprisonment. He argues that the district court should have applied the due process doctrines of fair notice and entrapment estoppel to reduce his sentence. His argument is foreclosed by United States v. Ullyses-Salazar, No. 93-50144, slip op. 6543, (9th Cir. June 20, 1994), which held that due process principles do not estop the government from seeking a sentence exceeding two years, despite the contents of Form I-294.
 
 
 6
 AFFIRMED.
 
 
 7
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4